UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VASILIKA PROKO,

        Plaintiff,

v.                                                      Case No. 24-cv-0225-bhl

CAROLYN W. COLVIN[1],
Acting Commissioner for Social Security,

        Defendant.

---

## DECISION AND ORDER

Plaintiff Vasilika Proko seeks review of the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits (DIB) under the Social Security Act, 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's decision will be affirmed.

## PROCEDURAL BACKGROUND

Proko applied for DIB on August 21, 2020, alleging a disability onset date of February 28, 2020. (ECF No. 8-3 at 18.) After her claims were denied initially and on reconsideration, she requested a hearing before an administrative law judge (ALJ). (*Id.*) The ALJ held a hearing on May 25, 2023 and denied Proko's disability claim in an August 18, 2023 decision, concluding that Proko was not disabled because she retained the Residual Functional Capacity (RFC) to perform a reduced range of light work and could perform a significant number of jobs in the national economy. (*Id.* at 18–27.) On December 22, 2023, the Appeals Council denied Proko's request for review of that decision. (*Id.* at 2–4.) Proko now seeks judicial review pursuant to 42 U.S.C. § 405(g).

---

[1] On November 30, 2024, Carolyn W. Colvin was sworn in as Acting Commissioner for Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of Court is directed to correct the docket.

## FACTUAL BACKGROUND

Proko was born on July 30, 1967. (ECF No. 8-6 at 10.) Her past relevant work includes material handler, cook, and hand packager. (ECF No. 8-3 at 25.) Proko premised her claim for disability on asthma, hypertension, plantar fasciitis, cervical spondylosis, carpal tunnel, status migrainosus, and kidney stones. (ECF No. 8-4 at 24.) In assessing Proko's claim, the ALJ followed the five-step sequential evaluation of disability set out in 20 C.F.R. § 404.1520(a). (ECF No. 8-3 at 19–37.)

The ALJ found that since the alleged onset date, Proko had several severe impairments: asthma, reactive airway disease, degenerative disc disease/spondylosis, patellar tendonitis, headaches, and carpal tunnel syndrome. (*Id.* at 20.) The ALJ also determined that the record did not support finding several other impairments severe, including Proko's depression, nephrolithiasis, basal cell skin cancer of the lip, hypertension, and plantar fasciitis. (*Id.*) The ALJ found that Proko did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 22.)

The ALJ also determined that, through the last date insured, Proko had the RFC to perform light level exertional work except that she could have less than moderate exposure to fumes, dust, environmental irritants, extreme cold, extreme heat, and humidity. (*Id.*) The ALJ's RFC also restricted Proko from climbing ladders, ropes, and scaffolds and allowed occasional ramp and stair climbing, stooping, crouching, kneeling, crawling, and balancing. (*Id.*) Proko was further restricted from working at unprotected heights or with hazards and dangerous machinery. (*Id.*) The ALJ determined Proko was able to perform frequent overhead reaching, gross manipulation, and pushing/pulling with the upper extremities. (*Id.*) The ALJ found that although Proko was unable to perform any past relevant work, she was capable of performing jobs that existed in significant numbers in the national economy, including cleaner/polisher, cleaner/housekeeper, and cashier. (*Id.* at 25–26.) The ALJ therefore determined that Proko was not disabled.

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. § 405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053–54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful review." *Id.* at 1054 (citations and internal quotations omitted). In reviewing the record, the Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is deferential and is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943)).

## ANALYSIS

Proko challenges two aspects of the ALJ's decision. She claims that reversal is warranted because the ALJ erroneously ignored evidence regarding (1) her migraines and (2) her arm and hand functioning. Neither challenge supports remand, and the Commissioner's decision will, therefore, be affirmed.

I. **The ALJ's Assessment of Plaintiff's Migraines is Supported by Substantial Evidence and Plaintiff Identifies No Reversible Error.**

Proko contends that the ALJ ignored evidence of her migraines that supported a finding of disability. (ECF No. 9 at 18–21.) The ALJ, however, reasonably assessed the record evidence addressing Plaintiff's migraines. (*See* ECF No. 8-3 at 23.) The ALJ noted that Proko experienced chronic headaches, and that Topamax and chiropractic care provided some relief, with Proko's headaches "fairly well controlled" in June and September 2020. (*Id.*) The ALJ further acknowledged that Proko, after weaning off Topamax, reported significant worsening of her migraines, after which she was prescribed Emgality, which proved helpful. (*Id.*) Proko reported

breakthrough headaches two to three times per week, but they lasted about five minutes and resolved spontaneously. (*Id.*) In October 2021, Proko was prescribed Maxalt for some breakthrough headaches, though she continued to report overall improvement with Emgality. (*Id.*)

The ALJ also considered the opinions of state-agency doctors related to Proko's headaches. State medical consultant Marc Young, M.D. found that Proko retained the ability to perform light work with no more than frequent climbing of ladders, ropes, and scaffolds; no more than frequent overhead reaching bilaterally; and avoidance of even moderate exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, and poor ventilation. (ECF No. 8-4 at 30–36.) In May 2022, state agency medical consultant Carolyn Hildreth, M.D. similarly found Proko retained the ability to perform light work but was limited to no more than frequent pushing and pulling with the upper extremities; never climbing ladders, ropes and scaffolds; frequent gross manipulation bilaterally; and avoidance of even moderate exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, poor ventilation, and hazards. (*Id.* at 46–51.) Dr. Hildreth referenced evidence related to Proko's migraines noting "CT scan of her head was unremarkable" and Proko reported "significant improvement in her headaches since treatment with Emgality." (*Id.* at 50.) The ALJ noted that Dr. Hildreth's more restrictive findings appeared "more consistent with the overall medical record that that of Dr. Young." (ECF No. 8-3 at 25.)

Proko contends that the ALJ did not sufficiently articulate how Proko could perform full-time work while experiencing one-to-two severe migraines a month. (ECF No. 9 at 19–21.) The Court disagrees. The ALJ acknowledged that although Proko's migraines "significantly improved with use of Emgality," she continued to experience breakthrough migraines. (ECF No. 8-3 at 23–24.) In response, the ALJ adopted additional RFC restrictions, such as the avoidance of all hazards. (*Id.* at 25.) As noted by the Commissioner, the only medical sources that assessed functional limitations concluded Proko was capable of a reduced range of light work with no allowances for absences or light and sound restrictions. (ECF No. 17 at 8 (citing ECF No. 8-4 at 30–33, 46–51).) The ALJ assessed the state agency opinions and adopted an RFC assessment that was more restrictive than any medical source. "When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error." *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) (citing *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)); *see also Tutwiler v. Kijakazi*, 87 F.4th 853, 860 (7th Cir. 2023) ("The lack of an opposing medical opinion makes it difficult . . . to warrant reversal."); *Alvarado v. Colvin*, 836 F.3d 744, 751 (7th Cir. 2016) ("[T]he ALJ [is]

only required to incorporate limitations that she [finds] supported by the evidence."). Proko has failed to identify any migraine-related evidence that the ALJ overlooked or misconstrued.

II.     **The ALJ's Assessment of Plaintiff's Arm and Hand Functioning is Supported by Substantial Evidence and Plaintiff Identifies No Reversible Error.**

Proko contends that the ALJ's RFC should have included additional restrictions supporting Proko's claimed limitations from her carpal tunnel syndrome, cervical spondylosis, and cervical radiculopathy. (ECF No. 9 at 21-24.) The ALJ acknowledged Proko's spondylosis and carpal tunnel syndrome as severe impairments but discounted her statements that she could only lift five to ten pounds. (ECF No. 8-3 at 20.) The ALJ discussed treatment notes reflecting Proko's report of pain and bilateral arm and hand numbness and tingling and included multiple postural and manipulative restrictions in the RFC assessment "to account for the claimant's neck and low back pain, as well as her reports of hand numbness." (*Id.* at 23–24.) The ALJ also discussed the findings of Drs. Young and Hildreth, who both considered Proko's grip strength, and concluded she was capable of light exertional work. (ECF No. 8-3 at 25; ECF No. 8-4 at 27, 30, 33, 46–47, 50.) And, as previously noted, the ALJ adopted a more restrictive RFC than either Dr. Young or Dr. Hildreth. Significantly, Proko admits that "it cannot be said that the ALJ 'ignored an entire line of evidence;'" and that it was "clear" that the ALJ did not do so. (ECF No. 9 at 22.)

Proko engages in her own analysis of grip strength and concludes that she should have been limited to sedentary work. (*Id.* at 22–24.) There is no medical opinion, however, that concludes Proko should be limited to only sedentary work. The state agency physicians considered Proko's grip strength and concluded she was capable of light exertional work. Proko's challenges to the ALJ's evaluation of the medical evidence largely amount to a disagreement with how the ALJ weighed the evidence, which the Court notes is not grounds for remand. A reviewing court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). If reasonable minds could disagree on whether a claimant is disabled, the court must affirm the Commissioner's decision to deny benefits. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). In conclusion, the ALJ issued a well-reasoned decision explaining why Proko was not disabled. Proko presents no reason for this Court to disturb her decision.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that pursuant to sentence four of 42 U.S.C. §405(g), the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 6, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
